IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BEATRICE HENA, | : |
|  | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : Jury Trial Demanded |
| TARGET CORPORATION, | : |
|  | : |
| Defendant. | : |
|  | : |

NOTICE OF REMOVAL

TO THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Target Corporation, defendant in the matter of *Beatrice Hena v. Target Corporation,* hereby files this Notice of Removal for the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. There is complete diversity, the amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs and this notice has been timely filed.  In support thereof, Target Corporation avers as follows:

1.      The above-captioned action was commenced against Target Corporation by the filing of a Complaint in the Court of Common Pleas of Philadelphia County on June 2, 2020.  A copy of plaintiff's Complaint is attached as Exhibit A.

2.      Target Corporation was served with the Complaint on June 11, 2020.

3.      This Notice of Removal is filed within thirty days of receipt of the Complaint in this action by Target Corporation.

4.      As averred in the Complaint, plaintiff Beatrice Hena is a citizen of Pennsylvania and reside at 2630 S. Dagget Street, Philadelphia, Pennsylvania 19142. *See* Exhibit A.

1

5.      Defendant Target Corporation, is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

6.      Target Corporation is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State.

7.      At the time of filing of plaintiff's Complaint and at the time of this removal, there is complete diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

8.      This Court has jurisdiction of the above-captioned matter pursuant to 28 U.S.C. § 1332, and this action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

9.      In the Complaint, plaintiff Beatrice Hena alleges on August 31, 2018 "she slipped on a slippery and dangerous wet floor and fell, causing her to suffer serious and permanent personal injuries" while at the Target Store located at 1200 Baltimore Pike, Springfield, Pennsylvania 19064.  *See* Exhibit A, ¶¶ 4 and 6.

10.     Plaintiff's Complaint asserts claims of Negligence (Count 1); Negligent Hiring, Selection, and Retention of Agents And/or Employees And/or Contractors (Count II); and Vicarious Liability (Count III). *See* Exhibit A.

11.     Plaintiff Beatrice Hena alleges she "suffered various serious and permanent personal injuries, which include but are not limited to [the] neck, back, left shoulder, right shoulder, left leg, right leg, left hip, and right hip.  *See* Exhibit A, ¶17.

12.     Plaintiff Beatrice Hena alleges "great financial detriment and loss, [she] has in the past suffered, is presently suffering and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite period of time."  *See* Exhibit A, ¶ 18.

13.     Plaintiff Beatrice Hena also claims that she "has suffered emotional injuries, along with the physical injuries suffered." *See* Exhibit A, ¶ 19.

14.     Plaintiff Beatrice Hena also claims as a result of these injuries that she "has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings and/or earning capacity, all to [her] future loss and detriment." *See* Exhibit A, ¶ 20.

15.     Plaintiff Beatrice Hena also claims as a result of these injuries that she "has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action." *See* Exhibit A, ¶ 21.

16.     Plaintiff Beatrice Hena further alleges she suffered "substantial and severe injuries and damages including, but not limited to, severe physical pain and suffering, discomfort, disfigurement, mental anguish, severe emotional distress, loss of earnings and earning capacity, substantial past and present future medical expenses, and a significant loss of life's pleasures." *See* Exhibit A, ¶ 34.

17.     According to plaintiff's counsel, Ms. Hena underwent an MRI on December 17, 2018, which indicated that she suffered from a partial-thickness tear of the supraspinatus tendon in her right shoulder.

18.     Pre-suit, plaintiff's counsel demanded $210,000.00 for full and final settlement of Ms. Hena's claim based on the alleged injuries and boardable medical expenses.

19.     Based on plaintiff's claims, the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, cumulatively, and with respect to each plaintiff, and therefore satisfies the threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a) and § 1441(a).

20.     Written notice of the filing of this Notice will be served on the adverse parties as required by 28 U.S.C. §1446(d).

21.      A copy of this Notice will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

22.      Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibit A, including the Complaint and Affidavit of Service.

WHEREFORE, Target Corporation prays that it may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

RICCI TYRRELL JOHNSON & GREY

By:      *s/ Francis J. Grey, Jr*
Francis J. Grey, Jr., Esquire (No.  56145)
Samuel Mukiibi. Esquire (No. 320282)
1515 Market Street, Suite 700
Philadelphia, PA 19102
(215) 320.3260
fgrey@rtjglaw.com

*Attorneys for defendant,*
*Target Corporation*

Dated:  June 24, 2020

**C**ERTIFICATE **O**F **S**ERVICE

I, Francis J. Grey, Jr., Esquire, do hereby certify that a true and correct copy of Target

Corporation's Notice of Removal was filed and served via Electronic Mail, this June 24, 2020, to

the following counsel:

Valerie A. Pedicone, Esquire
Spivack & Spivack, LLC
1528 Walnut Street, Suite 710
Philadelphia, PA 19102
*Attorney for Plaintiff*
*Beatrice Hena*

By:   */ Francis J. Grey, Jr*
       Francis J. Grey, Jr., Esquire

EXHIBIT 

EXHIBIT 

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
 TIME RECEIVED              REMOTE CSID        DURATION    PAGES    STATUS
 June 3, 2020 2:01:30 PM EDT                   650         28       Received
06/03/2020 WED 13:51  FAX                                                    ☑001/028
```

**SPIVACK & SPIVACK, LLC**

Gerald W. Spivack*+±
Kenneth E. Spivack*±
Valerie A. Pedicone*
Danielle L. Duffy *
Jody Joy*
Juan C. Rodriguez*◦

*Of Counsel*
Eric Borjeson*

1528 Walnut Street, Suite 710
Philadelphia, PA 19102

(T)215-546-0005
(F)215-546-5269

38 N. 6ᵗʰ Street
Reading, PA 19601

820 Homestead Road
Jenkintown, PA 19046

**Member of PA Bar
*Member of PA & NJ Bar
+ LLM. In Trial Advocacy
◦LLM In Taxation
±Graduate of Gerry Spence's Trial
Lawyer College

June 3, 2020

**VIA FACSIMILE (866)470-5765**
Teresa Mueller, Claims Adjuster
Sedgwick Claims Management Services, Inc
Target Guest Reporting Center
P.O Box 14453
Lexington, KY 40512-4453

RE:     Our Client: Beatrice Hena
        Your Insured: Target Corporation
        Claim No.: 000342369G-0001
        Date of Loss: 08/31/2018

Dear Ms. Mueller:

Please be advised that I have filed a Civil Action Complaint in the above-referenced matter. I have attached a copy of the time-stamped Complaint with Plaintiff's written discovery requests for your records.

Due to the Covid-19 pandemic, proper service of Complaints is not allowed at this time. Please advise if you are willing to accept service of this Complaint on behalf of your insured. I have also attached the Interrogatories and Request for Production of Documents which were to be served with the Complaint.

Please advise at your earliest convenience.

Very truly yours,

SPIVACK & SPIVACK, LLC

*Valerie A. Pedicone*

Valerie A. Pedicone

VAP/mk/6331
Enclosures

06/03/2020 WED 13:51  FAX                                                    ☒002/028

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**JUNE 2020**

E-Filing Number: 2006002675

**000124**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BEATRICE HENA | TARGET CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2630 S. DAGGETT STREET<br>PHILADELPHIA PA 19142 | 1000 NICOLETT MALL<br>MINNEAPOLIS MN 55403 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☒ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2S – PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>JUN 02 2020<br>A. SILIGRINI | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>BEATRICE HENA</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| VALERIE A. PEDICONE | SPIVACK &SPIVACK, LLC<br>1528 WALNUT STREET<br>SUITE 710<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)546-0005 | (215)546-5269 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 90482 | vapedicone@spivackandspivack.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| VALERIE PEDICONE | Tuesday, June 02, 2020, 03:19 pm |

6-3-2020

FINAL COPY (Approved by the Prothonotary Clerk)
000342369C0001                    5220200603016084

06/03/2020 WED 13:52  FAX                                                    ☑003/028

**SPIVACK & SPIVACK, LLC**
By: Valerie A. Pedicone, Esquire
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA  19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com

**MAJOR JURY MATTER**
**JURY TRIAL DEMANDED**



_Attorney for Plaintiff_

| | | |
|---|---|---|
| BEATRICE HENA | : | IN THE COURT OF COMMON PLEAS |
| 2630 S. Daggett Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19142 | : | |
| | : | JUNE TERM, 2020 |
| v. | : | NO.: |
| | : | |
| TARGET CORPORATION | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN 55403 | : | |
| | : | |

## CIVIL ACTION COMPLAINT - PREMISES LIABILITY -2S

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your Defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

THE PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer's Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania
(215) 238-6300
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demand. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 200600124

https://www.sedgwicksir.com/EditorHTML5/printModule.html                                    6/4/2020

06/03/2020 WED 13:52 FAX                                          ☒004/028

**SPIVACK & SPIVACK, LLC**                    **MAJOR JURY MATTER.**
By: Valerie A. Pedicone, Esquire             **JURY TRIAL DEMANDED.**
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA 19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com

---

                                             **Attorney for Plaintiff**

---

| | | |
|---|---|---|
| BEATRICE HENA | : | IN THE COURT OF COMMON PLEAS |
| 2630 S. Daggett Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19142 | : | |
| | : | JUNE TERM, 2020 |
| v. | : | NO.: |
| | : | |
| TARGET CORPORATION | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN 55403 | : | |
| | : | |

---

### PLAINTIFF'S COMPLAINT

1.      Plaintiff, Beatrice Hena (hereinafter "Plaintiff" or "Beatrice Hena") is a resident and

citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

2.      Upon information and belief, it is believed and therefore averred that at all relevant

times, Defendant, Target Corporation, (hereinafter "Defendant" or "Target,") is a foreign business

entity registered to do business in the Commonwealth of Pennsylvania, with a service of process

address listed in the caption of this Complaint, and which at all times material hereto was the owner,

operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care,

custody, control and safety of the premises located at 1200 Baltimore Pike, Springfield, Pennsylvania

19064 (hereinafter "the premises.").

06/03/2020 WED 13:53  FAX                                                                                    ☒005/028

3.      Upon information and belief, it is believed and averred that Defendant regularly conducts business in Philadelphia County, including owning, managing, operating and/or controlling other business properties all through Philadelphia County including a usual place of business located at 456 North Fifth Street, Philadelphia, Pennsylvania 19123.

4.      Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant, by and through its agents, servants, franchises, lessors, lessees, work persons and/or employees, was responsible for the maintenance, improvements, upkeep, repair care, custody, control and upkeep of the premises.

5.      Upon information and belief, it is believed and therefore averred that, at all relevant times, Plaintiff, Beatrice Hena, was a business invitee, licensee and/or otherwise legally on the premises.

6.      On or about Friday, August 31, 2018, Plaintiff, Beatrice Hena, was inside the premises when she slipped on a slippery and dangerous wet floor and fell, causing her to suffer serious and permanent personal injuries on account of which this action is brought.

7.      Upon information and belief, it is believed and therefore averred that Defendant, Target, is vicariously liable for the actions or inactions of its agents, servants, franchisees, contractors, work-persons, lessor, lessees, employers and/or employees under the doctrine of *Respondeat Superior*.

3

8.     At or about the same date, time and place in question, and for some period of time prior thereto, Defendant, acting individually and/or by and through its agents, servants, franchisees, contractors, work-persons, employers and/or employees, negligently and/or carelessly allowed and permitted the slippery, dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in Plaintiff's injuries.

9.     At or about the same date, time and place, Defendant, Target, negligently and/or carelessly controlled and maintained the premises, allowing the area to become, and remain, a significantly unreasonable, unsafe and hazardous condition making the area dangerous for Plaintiff and other individuals.

10.     Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant, Target, breached its highest duty of care owed to Plaintiff, Beatrice Hena, when it failed to exercise reasonable care in keeping the premises safe, or when it failed to disclose to or warn Plaintiff, of the unreasonable risk of harm she encountered on the premises.

11.     Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant knew or had reason to know of the dangerous condition and should have realized that it involved an unreasonable risk of harm, and it should have expected that Plaintiff would not have discovered or realized such dangerous condition.

12.     Upon information and belief, it is believed and therefore averred that at all relevant times, Defendant failed to exercise reasonable care to make the dangerous condition safe and/or to warn Plaintiff of the danger and the risk involved with such a hazardous condition.

4

13.    The conduct of Plaintiff, Beatrice Hena, was not the proximate or legal cause of the hazardous condition on the premises and/or of the injuries she sustained as a result of this slip and fall incident.

14.    Plaintiff, Beatrice Hena, was, at all times relevant hereto, acting with due care and reasonable under the circumstances.

## COUNT I

### Beatrice Hena v. Target Corporation

### Negligence–Personal Injury

15.    Plaintiff, Beatrice Hena, hereby incorporates by reference the prior paragraphs of Plaintiff's Complaint as though the same were set forth more fully at length herein.

16.    Upon information and belief, it is believed and therefore averred that the negligence and/or carelessness of Defendant, Target, acting individually and/or by and through its agents, servants, franchisees, workmen and/or employees, consisted, *inter alia*, of the following:

a.    failure to properly and safely maintain the premises by allowing slippery and dangerous conditions to remain on the premises for an unreasonable amount of time when Defendant knew or should have known of dangerous slip/trip hazard;

b.    failure to properly maintain the premises as to allow it to remain in an unsafe condition;

c.    failure to regard the rights, safety and position of the Plaintiff who was shopping as a business invitee at the premises;

d.    failure to reasonably inspect the premises where patrons such as Plaintiff are expected/anticipated to be walking/shopping;

5

Case ID: 200600124

06/03/2020 WED 13:54  FAX                                                                        ☑008/028

e.      failure to reasonably, properly and safely maintain the premises by allowing the slippery conditions to remain on the premises for an unreasonable amount of time causing a slip/trip hazard for patrons such as Plaintiff;

f.      failure to design, construct, maintain, repair and/or remedy the slippery conditions on the premises over which business invitees are likely to traverse rendering the premises unsafe;

g.      failure to provide sufficient warning as to the dangerous nature of the slippery conditions and/or potentially dangerous condition on the premises as to avoid a slip/trip hazard;

h.      failure to warn and/or provide sufficient warning of the dangerous and slippery conditions on the premises when Defendant knew or should of known or anticipated such slip/trip hazards for its shoppers;

i.      failure to follow written and/or oral protocol, policies and procedures regarding how to safely and properly maintain merchandise, pallets, store aisles and the general maintenance of the premises with respect to slippery conditions when Defendant knew or should have known that business invitees such as Plaintiff would be walking inside the premises and could not appreciate such hidden dangers of such dangerous conditions;

j.      failure to prevent, detect, inspect, cure and/or warn Plaintiff of the slippery conditions, which Defendant improperly permitted to exist and remain on the premises for an unreasonable amount of time;

k.      failure to prevent, detect, inspect, cure and/or warn of the slippery conditions as to cause an unreasonable risk of harm to Plaintiff;

l.      failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable, defective, dangerous, hazardous and unsafe condition of slippery conditions on the premises giving rise to the instant action;

m.      failure to exercise the proper care, custody and control over the aforesaid premises in manner to keep the premises free of any slip/trip hazard;

n.      failing to properly and adequately maintain the premises and breaching the highest duty of care Defendant owed to Plaintiff as she was a business invitee while shopping inside the premises; and

o.      failing to provide proper maintenance of the premises thereby creating a slip/trip hazard to patrons such as Plaintiff.

6

Case ID: 200600124

17.     Upon information and belief, it is believed and therefore averred that as a direct and consequential result of the negligent and/or careless conduct of Defendant, Plaintiff, Beatrice Hena, suffered various serious and permanent personal injuries, which include but are not limited to neck, back, left shoulder, right shoulder, left leg, right leg, left hip, and right hip, as well as other symptoms and injuries to her body, the full extent which are not presently known.

18.     Upon information and belief, it is believed and therefore averred that as a result of these injuries, all of which are permanent in nature and which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered, is presently suffering and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite period of time.

19.     As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20.     As a further result of Plaintiff's injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's future loss and detriment.

21.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Beatrice Hena, has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Beatrice Hena, demands judgment in her favor and against Defendant, Target Corporation, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interest, fees, costs, and such other relief as the Court deems equitable, just, and proper.

7

## COUNT II

### Beatrice Hena v. Target Corporation

### Negligent Hiring, Selection, and Retention of
### Agents and/or Employees and/or Contractors

22.     Plaintiff, Beatrice Hena, hereby incorporates by reference the prior paragraphs of Plaintiff's Complaint as though the same were set forth more fully at length herein.

23.     It is believed and therefore averred that, at all times material hereto, Defendant, Target, selected, hired, contracted, controlled, and/or retained individuals and/or entities, whose identities have not yet been revealed to Plaintiff, Beatrice Hena, with the explicit purpose to repair, remedy, maintain, inspect, upkeep and/or otherwise service the premises which includes the Target's aisles free from any hazardous and/or dangerous conditions.

24.     It is believed and therefore averred that, at all times material hereto, Defendant, Target, controlled the means and manner that the aforementioned individuals and/or entities who were the Defendant's agents, employees, contractors, and/or workmen performed the repairs, maintenance, design, construction, inspection, or other manner of service the premises which includes the Target's aisles free from any hazardous and/or dangerous conditions.

25.     It is believed and therefore averred that, at all times material hereto, Defendant, Target, negligently acted and/or failed to act through their respective agents, servants, employees, contractors, and/or workmen, and such acts or failures to act were within the course and scope of Defendant's business and were under Defendant's control and direction, and were taken with Defendant's authority.

8

06/03/2020 WED 13:55  FAX                                                              ☒011/028

26.     It is believed and therefore averred that, at all times material hereto, Defendant, Target, had either actual or constructive knowledge of the defects, dangerous and/or hazardous conditions which existed on the premises at the relevant time and specifically with regard to the premises.

27.     It is believed and therefore averred that, despite the obligations, duties, and responsibilities of Defendant, Defendant negligently hired, retained, contracted, employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to perform the repairs, maintenance, design, construction, inspection, and/or other manner of service of the inside premises which includes the Target's aisles free from any hazardous and/or dangerous conditions.

28.     It is believed and therefore averred that, Defendant, Target, is responsible for the negligent and/or careless actions or inactions of its contractors, employees, service persons, workmen, and/or agents.

29.     It is believed and therefore averred that, Defendant, Target, is responsible for ensuring the proper non-negligent selection, hiring, and supervision of its contractors, employees, service persons, workmen, and/or agents.

30.     It is believed and therefore averred that, Defendant, Target, failed to utilize due care to secure a competent contractor, agent, servant, workperson, and/or employee to repair, maintain, design, construct, inspect, or otherwise service the premises which includes the Target's aisles free from any hazardous and/or dangerous conditions despite having actual and/or constructive knowledge of such conditions.

9

06/03/2020 WED 13:55  FAX                                                                    ☒012/028

31.    It is believed and therefore averred that, Defendant, Target, knew or should have known that its failure to select a competent and careful agent, contractor, servant, workperson, and/or employee to repair, maintain, design, construct, inspect, and/or otherwise service the premises and to perform and satisfy Defendant's aforementioned duties would result in a risk of physical harm to third persons.

32.    It is believed and therefore averred that, Defendant, Target, failed to select, retain, contract, hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal characteristics, and available equipment in order to do the work they were hired to do without creating an unreasonable risk of injury to others.

33.    It is believed and therefore averred that the negligence and/or carelessness of Defendant, Target, and/or by and through its agents, servants, contractors, workmen, and/or employees, consisted, *inter alia*, of the following:

    a.    failing to properly and adequately supervise its agents, servants, contractors, workmen, and/or employees with regard to the repairs, maintenance, design, construction, inspection, or other service of the premises to keep it free from hazardous conditions;

    b.    failing to adequately inspect the premises for dangerous and hazardous conditions as to the insure the safety of its invitees;

    c.    failing to ensure that the repairs, maintenance, design, construction, inspection, or other service of the premises was done properly and safely;

    d.    failing to provide the proper directives, materials, instructions, or orders for the proper and safe repairs, maintenance, design, construction, inspection, or other service of the premises;

    e.    allowing unskilled, unqualified, and untrained individuals and/or entities to perform repairs, maintenance, design, construction, inspection, or other service of the premises;

10

Case ID: 200600124

f.      violating its non-delegable duties under OSHA to third-parties and employees including Section 1910.25;

g.      failing to provide for or ensure the use of proper safety precautions which would have protected Plaintiff, Beatrice Hena, from the unreasonable and particular risk of harm which was either known and recognized, or should have been known and recognized by Defendant as being created or likely to be created by the work which was done to the premises;

h.      failing to properly affix and support the premises;

i.      failing to hire competent engineers to direct or consult with Defendant's chosen contractors, agents, servants, work persons, and/or employees regarding the proper method of repairing, remedying and/or maintaining the premises;

j.      failing to train its agents, contractors, servants, work persons, and/or employees properly;

k.      failing to hire competent agents, contractors, servants, work persons, and/or employees;

l.      failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to perform repairs, maintenance, design, construction, inspection, or other service of the premises;

m.      breaching its duties under the Restatement (Second) of Torts including Section 343 and Section 318;

n.      failing to warn Plaintiff, Beatrice Hena, of its failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

o.      failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and plans regarding the maintenance of the inside of the premises;

p.      exposing Plaintiff, Beatrice Hena, to unreasonable danger by failing to use or provide adequate tools, materials, and equipment to keep the premises safe and free from any dangerous condition including slippery and hazardous conditions;

q.      failing to supervise and inspect the repairs, maintenance, design, construction, inspection, or other service of the premises;

11

r.     failing to ensure the premises were properly affixed, braced, or shored; and

s.     hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or work-person for the maintenance of the premises.

34.     It is believed and therefore averred that, Defendant's actions or failures to act as set forth above were the factual and proximate cause of Plaintiff, Beatrice Hena's substantial and severe injuries and damages including, but not limited to, severe physical pain and suffering, discomfort, disfigurement, mental anguish, severe emotional distress, loss of earnings and earning capacity, substantial past and future medical expenses, and a significant loss of life's pleasures as set forth more fully herein.

WHEREFORE, Plaintiff, Beatrice Hena, demands judgment in her favor and against Defendant, Target Corporation, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interest, fees, costs, and such other relief as the Court deems equitable, just, and proper.

## COUNT III

### Beatrice Hena v. Target Corporation

### Vicarious Liability

35.     Plaintiff, Beatrice Hena, hereby incorporates by reference the prior paragraphs of Plaintiff's Complaint as though the same were set forth more fully at length herein.

36.     Upon information and belief, Defendant, Target, is vicariously liable for the negligence and/or carelessness of its agent, servant, employee and/or representative who was acting under the control of, and within the scope of their agency relationship with said Defendant.

12

06/03/2020 WED 13:56  FAX                                                    ☒015/028

37.     Defendant, Target, is vicariously liable for the acts its agent, who it controlled and for allowing them to oversee a dangerous and/or hazardous condition in the premises in a negligent and/or careless manner causing injuries to Plaintiff.

38.     As a direct and consequential result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered various serious and permanent personal injuries.

**WHEREFORE,** Plaintiff, Beatrice Hena, demands judgment in her favor and against Defendant, Target Corporation, for compensatory damages, in an amount in excess of $50,000.00 together with all lawful interest, fees, costs, and such other relief as the Court deems equitable, just, and proper.

Respectfully Submitted,

SPIVACK & SPIVACK, LLC

BY:     VALERIE A. PEDICONE, ESQUIRE
        Attorney for Plaintiff, Beatrice Hena

13

Case ID: 200600124

6-3-2020                    000342369G0001                    5220200603016084

https://www.sedgwicksir.com/EditorHTML5/printModule.html                    6/4/2020

## VERIFICATION

The undersigned hereby verifies that the facts contained in the foregoing document are true based on first hand information and on information furnished to counsel and obtained in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This Certification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

6-3-2020                    000342369G0001              5220200603016084

**SPIVACK & SPIVACK, LLC**
By: Valerie A. Pedicone, Esquire
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA  19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com

|  | | **Attorney for Plaintiff** |
|---|---|---|
| | : | |
| BEATRICE HENA | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | JUNE TERM, 2020 |
| TARGET CORPORATION | : | NO.: 000124 |
| | : | |

## PLAINTIFF'S INTERROGATORIES ADDRESSED TO DEFENDANT, TARGET CORPORATION

Plaintiff hereby make demand that the Defendant(s) answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure 4001 et seq. These Interrogatories must be answered as provided in Pa. R.C.P. 4006 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant(s) or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Pa. R.C.P. 4007.4.

These Interrogatories are addressed to you as a party to this action; your answers shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf whether in preparation for litigation or otherwise. These Interrogatories must be answered completely and specifically by you in writing and must be verified. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible. The omission of any name, fact, or other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Defendant(s), their counsel, or non-motor vehicle (i.e. pedestrian, bicycle, etc.).

1.  Identify, by name, title, residence and business address(es)(if employed by defendant, so state, as well as in what capacity) the following individuals:

    (a)  All persons known to defendant (or known to any person acting on behalf of the defendant) who actually witnessed all or any part of the accident:

    (b)  All persons known to defendant (or known to any person acting on behalf of the defendant) who were present at or near the scene at the time of the accident;

    (c)  All persons who last examined or inspected the place where the accident occurred, prior to the accident;

    (d)  All persons who first examined or inspected the place where the accident occurred, subsequent to the accident;

    (e)  As to Statements obtained by or on behalf of defendant, or any other Statements known or believed by defendant to have been obtained from any of the persons identified in (a),(b),(c), and/or (d) above, identify all persons providing such Statements; whether the said Statements were written or oral, and identify all persons in possession, custody and/or control of such Statements.

2.  Except as set forth in 1 above, identify, by name, title, residence and business address(es) and their employers, all persons, including potential expert witnesses (and their field of expertise), from whom defendant or anyone acting on defendant's behalf has obtained any information as to how the accident happened, the cause of the accident or alleged resulting injuries.

3.  Did defendant, or anyone acting on behalf of the defendant, receive any reports or complaints from any source during the six (6) months prior to the accident, concerning the conditions of the place where the accident occurred? If so, state:

    (a)  When:

    (b)  From whom received:

    (c)  The nature of each such report or complaint:

    (d)  Any action(s) taken by defendant in response thereto:

    (e)  The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

2

06/03/2020 WED 13:58  FAX                                                                      ☑019/028

4.   Were any repairs or changes made to the place where the accident occurred (or instrumentality involved in the accident) after the accident occurred? If so, state when they were made, the kind of repairs or changes made, and identify who made such repairs or changes, as well as whose decision it was to initiate the repairs or changes.

5.   Set forth the names and addresses of all persons, other than the plaintiff, who have made a claim against the defendant(s) for injuries or damages allegedly occurring in substantially the same area or manner, during the two (2) year period preceding this accident. If lawsuits have been filed concerning any of those claims, state the Commonwealth or State, County, court term and number.

6.   (a)   At the time of the accident, were the premises where the accident occurred possessed, controlled and/or maintained by the defendant(s)? If not, identify who did possess, control and/or maintain them.

     (b)   Identify, including name, title, residence and business addressees) the person(s) who last maintained and/or cleaned the premises (or instrumentality) where the accident occurred.

7.   Are the premises where the accident occurred owned or leased by the defendant(s). If leased, state:

     (a)   From whom said premises are leased:

     (b)   Dates of said lease:

8.   State any violations of City Ordinances or Codes for which defendant or anyone acting on defendant's behalf were cited regarding the alleged accident as well as the dates of said violations.

6-3-2020                              000342369G0001                    5220200603016084

https://www.sedgwicksir.com/EditorHTML5/printModule.html                                      6/4/2020

06/03/2020 WED 13:58 FAX                                                                                      ☑020/028

9.      Were there any signs, barriers or anything else at or near the scene of the alleged accident (or instrumentality) warning of the conditions existing thereon? If so, state:

     (a)      When said warnings were placed at the scene and by whom:

     (b)      Describe exactly what the warning was and the exact dimensions of said warning;

     (c)      The exact location of said warning.

10.     State whether or not the defendant(s) (or anyone acting on behalf of the defendant(s)) are in the possession, custody and/or control of or know of the existence of any photographs, sketches, reproductions, charts, maps or diagrams of the scene of the accident, and if so, state:

     (a)      The date(s) they were taken or made:

     (b)      The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them:

     (c)      The subject or object of the particular site or view of each of them.

11.     Are defendants' names correct as they appear in the complaint? If not, provide the correct names for purposes of litigation.

12.     State the weather conditions on the day of and the day before the accident and whether you allege that the weather conditions contributed to the happening of Plaintiff s accident.

6-3-2020                           000342369G0001                        5220200603016084

https://www.sedgwicksir.com/EditorHTML5/printModule.html                                                    6/4/2020

06/03/2020 WED 13:58  FAX                                                                      ☒021/028

13.   Identify, by name, title, residence and business address( es), the persons supplying the answers to these Interrogatories and whether they do so from personal knowledge. Otherwise, state the sources from which the information was obtained.

14.   Was/were defendant(s) insured by any carrier for liability and/or excess (i.e. "umbrella")benefits applicable to Plaintiffs accident? If so, identify by name and address the insurance carrier and the exact name of the insured and the amount of applicable liability insurance benefits. If self-insured, for all or any monetary part of a liability claim, so state (including the limits).

15.   Was any videotaping performed on the day of this accident at the location where the accident occurred? If so, was there any type of log, record, compilation or other documentation of the videotaping performed; identify by name, title, residence and business address, the person who is charged with the care, custody, possession and/or control of the recording(s).

16.   If you contend that plaintiff was guilty of comparative/contributory negligence, then fully and specifically describe upon what conduct, acts or omissions of plaintiff you base your contention. If you contend that any other party, person and/or entity is responsible for the plaintiffs injuries, damages and/or losses, then fully and specifically describe upon what conduct, acts or omissions of such party, person and/or entity you base your contention.

17.   If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:

      (a)     The name of the expert;

      (b)     The expert's professional address;

      (c)     The expert's occupation:

5

https://www.sedgwicksir.com/EditorHTML5/printModule.html                                    6/4/2020

(d)     The expert's specialty;

(e)     The expert's qualifications (i.e. Curriculum Vitae);

(f)     The topic or subject matter upon which expert is expected to testify;

(g)     The substance of the facts to which the expert is expected to testify;

(h)     The substance of the opinion to which the expert is expected to testify;

(i)     A summary of the grounds for each opinion the expert is expected to testify.

18.    Identify every person you intend to call as a witness and summarize the substance of each person's testimony.

19.    List the following information for each person identified in Interrogatory No. 18:

(a)     Name;

(b)     Address;

(c)     Home telephone number;

(d)     Work telephone number;

(e)     Cell phone telephone number; and

(f)     E-mail address.

6

20.   If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s), state:

(a)   By whom (name and address of company and individual);

(b)   The date(s) of such surveillance;

(c)   The time(s) of such surveillance;

(d)   The location(s) of such surveillance;

(e)   The method by which such surveillance was made;

(f)   A summary of what such surveillance reveals.

21.   At the time of the alleged accident or immediately thereafter, did you (or your agent(s), servant(s), worker(s) and/or employee(s)) have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence. If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it occurred.

22.   Identify any healthcare professionals' records you are in the possession, custody and/or control of.

SPIVACK & SPIVACK, LLC

BY:  _____

VALERIE   A.   PEDICONE,   ESQUIRE
Attorney for Plaintiff, Beatrice Hena

Dated: <u>June 2, 2020</u>

7

06/03/2020 WED 13:59  FAX                                                                                     ☑024/028

**SPIVACK & SPIVACK, LLC**
By: Valerie A. Pedicone, Esquire
Identification No. 90482
1528 Walnut Street, Suite 710
Philadelphia, PA  19102
Phone: (215) 546-0005
Fax: (215) 546-5269
E-mail: vapedicone@spivackandspivack.com

|  |  | **Attorney for Plaintiff** |
|---|---|---|
| BEATRICE HENA | : | IN THE COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| v. | : |  |
|  | : | JUNE TERM, 2020 |
| TARGET CORPORATION | : | NO.: 000124 |
|  | : |  |

<u>PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
ADDRESSED TO DEFENDANT, TARGET CORPORATION</u>

You are requested to produce, in accordance with Pennsylvania Rule of Civil Procedure 4009, the originals or clear, readable copies of the below listed documents and/or items unless protected by the attorney-client privilege or the work-product doctrine. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced, videotapes and audiotapes shall be viewed and/or heard and a copy made. The below listed documents and/or items are to be produced at Plaintiff's counsel's office on or before thirty (30) days from the date of service herein. Such request is continuing up to and at the time of trial.

<u>**DEFINITIONS**</u>

A.    "You" or "your" refers to Plaintiff( s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including agents and employees.

B.    "Communications" shall mean all inquires, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.    "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

D.    Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E.    "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F.    "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G.    "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.    "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I.    The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

J.    For purposes of the Rule, a statement includes:

(1)    A written statement, signed or otherwise adopted or approved by the person making it, or

(2)    A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded

2

### REQUESTS

1.      The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

2.      All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

3.      The name, home and business address of the insurance carrier investigators employed by the Defendant(s) or its insurance carrier to investigate this claim, treatment of the Plaintiff(s), witnesses, or any other aspect of the incidents that form the basis of Plaintiff(s) Complaint. Also, attach any documents, records or communications of or prepared by the investigator acquired as a result of their investigation(s), including but not limited to telephone calls, correspondence, facsimiles, e-mail, billing, inspections or observations, interviews, statements and/or findings.

4.      The name, home and business address, background and qualifications of any and all persons in the employ of Defendant(s), who in *anticipation* and/or *preparation* of litigation, is expected to be called to trial.

5.      Any and all documents and communications containing the name and home and business addresses of all individuals contacted as *potential* witnesses.

6.      Reports, communications, and/or documents prepared by any and all experts who *will* testify or whose reports will be submitted at trial.

7.      Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a *result* or in *preparation* of this litigation or *will* consult or review.

8.      Resumes and qualifications of any and all experts who *will* testify or whose reports will be submitted at trial.

9.      Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

3

10.     Any and all documents and communications substantiating any defense to Plaintiff(s) cause of action.

11.     Copies of any and all reports and records prepared by any physician, hospital or healthcare provider who has examined Plaintiff(s) *excluding* those actually provided by counsel for Plaintiff.

12.     Central indexing information on Plaintiff(s), and any and all Defendant(s) or employees of the Defendant(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

13.     Verification of the policy limits for liability benefits, medical payments and any benefits, including a copy of the policy, including applicable policy declarations page.

14.     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

15.     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of this alleged accident.

16.     The name and address of the manager of Defendant's claim office located at the place where Plaintiff(s) medical bills and reports were submitted to.

17.     Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident

18.     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

19.     Any and all press releases concerning this alleged accident or any incident relating to this lawsuit.

20.     Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

21.     Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

22.     All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

4

23.    Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiffs(s') Interrogatories.

24.    Any and all payroll records, electronic data, time sheets and/or logs pertaining to the date in question and for one year prior.

This request is deemed to be continuing insofar as if any of the above is secured *subsequent* to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiffs counsel within thirty (30) days of receipt of same.

SPIVACK & SPIVACK, LLC

BY:  _____
VALERIE   A.   PEDICONE,   ESQUIRE
Attorney for Plaintiff, Beatrice Hena

Dated: <u>June 2, 2020</u>

5