**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BEATRICE HENA,** | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TARGET CORPORATION,** | : | No. 20-3060 |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                       **October 28, 2020**

Beatrice Hena has sued Target Corporation alleging negligence, negligent hiring, selection and retention, and vicarious liability. Defendant has moved to dismiss counts II and III for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted.

**I.    BACKGROUND**

According to the Complaint, on or about August 31, 2018, while shopping at the Target store, located at 456 North Fifth Street in Philadelphia, Plaintiff, "slipped on a slippery and dangerous wet floor and fell, causing her to suffer serious and permanent personal injuries[.]" (Compl. ¶ 6.) Plaintiff alleges that Target knew or should have known about the dangerous condition and "failed to exercise reasonable care to make the dangerous condition safe and/or to warn Plaintiff of the danger[.]" (Compl. ¶¶ 11-12.) Further, Plaintiff believes and therefore avers that, "despite the obligations duties, and responsibilities of Defendant, Defendant negligently hired, retained, contracted, employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to perform the repairs, maintenance, design, construction, inspection, and/or other manner of service of the inside premises which includes [keeping] Target's aisles free from any hazardous and/or dangerous conditions." (Compl. ¶ 27.) Plaintiff sued Target in the Court

of Common Pleas of Philadelphia County. Defendant removed the case to this Court on the basis of diversity jurisdiction and has moved to dismiss for failure to state a claim the counts alleging negligent hiring, selection, and retention and vicarious liability.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for "failure to state a claim upon which relief can be granted," the Court must accept as true all factual allegations in the complaint and make all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Factual allegations include descriptions of actual events that the pleader contends took place, as well as any conclusion that could be reasonably drawn about those events. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2019 3d ed.). When a pleading draws a conclusion of fact that does not logically follow from the alleged facts themselves, however, the conclusion is not a factual allegation entitled to an assumption of truth. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

## III. DISCUSSION

First, the Court must consider whether the Complaint properly states a claim for negligent hiring, selection, and retention.[1] After careful consideration, the Court finds that it does not.

---

[1] In its motion to dismiss, Defendant at times refers to this count as "negligent hiring or supervision". Plaintiff's Complaint and response in opposition to the motion to dismiss label the claim "negligent hiring, selection, and retention", but include some references to "supervision".

*A. Negligent Hiring, Selection, and Retention*

It is axiomatic that to state a claim for negligence, "the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "Under common law there is no duty to control the conduct of a third party to protect another from harm", unless the defendant has a "special relationship" with the person causing the harm or the intended victim of harm. *Brezenski v. World Truck Transfer, Inc.,* 755 A.2d 36, 40 (Pa. Super. Ct. 2000). Generally, Pennsylvania follows the approach of the Restatement (Second) of Torts in cases that allege negligent **retention or supervision** of employees. *See Dempsey v. Walso Bureau, Inc*., 246 A.2d 418, 422 (Pa. 1968). Section 317 of the Restatement (Second) of Torts, creates an exception to the general rule that a person has no duty to control the acts of third parties. It provides that when an employee is on the employer's premises and the employer knows or should know that he can and should control the actions of the employee, the employer must exercise reasonable care to control his employee "**while acting outside the scope** of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them." R. 2d Torts § 317 (emphasis added).

It is clear that to satisfy the requirements of § 317, the conduct of the employee complained of by the plaintiff must have been outside the scope of the employee's employment. Here, Plaintiff's negligent hiring, selection, and retention count of the Complaint specifically pleads that

---

The causes of action are substantially similar and often discussed in tandem by courts. As such, the Court will explain how the factual allegations in Plaintiff's Complaint fail to state a claim under either theory.

"such acts or failures to act were within the course and scope of Defendant's business[.]" (Compl. ¶ 20.) Thus, the Complaint fails to state a claim for negligent retention or supervision under § 317.

Defendant contends that the Court's analysis of this claim could stop here "because plaintiff is not alleging conduct outside the course and scope of employment." (Def.'s Mem. Law Supp. Mot. to Dismiss at 4.) It is true that,

> Negligent supervision differs from employer negligence under a theory of respondeat superior. A claim for negligent supervision provides a remedy for injuries to third parties who would otherwise be foreclosed from recovery under the principal-agent doctrine of respondeat superior because the wrongful acts of employees in these cases are *likely* to be outside the scope of employment or not in furtherance of the principal's business.

*Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 489 (3d Cir. 2013) (emphasis added).

However, Plaintiff rightfully argues, "this Circuit has recognized that [t]he Restatement (Second) of Agency § 213 (1958) has also been applied by Pennsylvania courts to impose liability on corporations for negligent supervision and hiring." (Pl.'s Mem. Law Opp'n to Def.'s Mot. to Dismiss [(Pl.'s Opp'n Mem.)] at 3.) (citation and internal quotation omitted.) That section provides,

> A person conducting an activity through . . . agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
> (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
> (c) in the supervision of the activity; or
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

§ 213 R.2d Agency.

"[Section] 213 does not require that employees act outside the scope of their employment, and it contemplates potential concurrent liability for employers under both § 213 and *respondeat*

4

superior." *Bayview Loan Servicing, LLC v. Law Firm of Richard M. Squire & Assocs., LLC*, Civ. A. No. 10-1451, 2010 WL 5122003, at *6 (E.D. Pa Dec. 14, 2010). Liability pursuant to § 213 "exists only if all the requirements of an action of tort for negligence exist." § 213 R.2d Agency (comment a). "[A]n employer may be liable in negligence if it knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." *Brezenski*, 755 A.2d at 39-40. "An act cannot be negligent unless the harm is foreseeable to the class to which the complaining party belongs." *Id*. at 41. "One can normally assume that another who offers to perform simple work is competent." § 213 R.2d Agency (comment d).

Here, Plaintiff's Complaint does not identify or even allude to a single employee of Target, much less an employee that Target knew or should have known was "incompetent and unskilled" such that their hiring or continued employment by Target constituted negligence. (Compl. ¶ 27.) The Complaint does not contain any factual allegations related to the cause or characteristics of the allegedly dangerous condition or why the condition should have been foreseeable given what Target knew or should have known about its employees. Plaintiff's theory seems to be that because the floor of the Target store was slippery and wet, whichever employee(s) of the store were responsible for keeping the aisles clear must have been incompetent and Target must have been negligent for hiring or retaining them. It implies a "res ipsa loquitur"[2] theory of negligent hiring/retention. Imaginative as this theory may be, it misses the target.

---

[2] "Res ipsa loquitur is a rule that provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence." *Chapman v. Chaon*, 619 F. App'x 185, 187 (3d Cir. 2015) (citation and internal quotation marks omitted).

The type of work involved here—that of maintaining hazard-free aisles—is the type of simple work one can generally assume another is competent to perform. Moreover, even if the Court agreed that some employee must have been incompetent for this accident to have occurred, which it does not, Plaintiff has not pleaded any factual allegations that would lead to the inference that Target was aware or should have been aware that some employee was incompetent or incapable of performing the job. Plaintiff cannot transform a simple premises liability action into a negligent hiring case by including broad, conclusory allegations about unidentified, unskilled or incompetent employees in her Complaint.

Plaintiff argues that "Defendant's [] unsupported assertion that 'Plaintiff fails to describe any factual circumstances surrounding Target employees' treatment of her' is troubling because, to the best of Plaintiff's knowledge, a plaintiff bringing a claim for negligent hiring, selection, and retention stemming from a premises liability accident does not need to include how she was directly treated or mistreated during interactions with Defendant's employees." (Pl.'s Opp'n Mem. at 7-8.) Tellingly, Plaintiff cites no authority in support of this proposition. Perhaps that is because Plaintiff has been unable to identify another slip-and-fall case that also included a claim for negligent hiring, retention, or supervision.

Each case Plaintiff cites in support of her argument that Pennsylvania courts recognize the validity of negligent hiring or retention claims even if the employee was acting within the course and scope of employment involved specifically identified employees who acted intentionally and caused harm to the plaintiff. *See Bayview*, 2010 WL 5122003, at \*6-7 (allowing negligent supervision claim against a law firm to survive a motion to dismiss as an alternative theory of liability, even though it was not alleged that the defendant attorney acted outside the scope of employment.); *Doe v. Liberatore*, 478 F. Supp. 2d 742, 760 (M.D. Pa. 2007) (granting summary

judgment on negligent hiring claim in favor of Catholic church defendants where there was no evidence the Church was aware the defendant priest was a pedophile at the time he was hired, but denying summary judgment as to negligent supervision claim because a jury could conclude the Diocese and Bishop had reason to know of priest's tortious conduct and failed to intervene); *Brantley v. Am. Airlines Grp., Inc.,* Civ. A. No. 16-3540, 2016 WL 6876345, at *4 (E.D. Pa. Nov. 21, 2016) (finding negligent hiring/supervision claim sufficiently pleaded where plaintiff, an employee of the airline, alleged that another, specifically-identified employee, sexually assaulted and harassed her and the airline had reason to know of his dangerous propensities); *Doe v. AE Outfitters Retail Co.,* Civ. A. No. 14-508, 2015 WL 9255325, at *12 (D. Md. Dec. 17, 2015) (granting summary judgment in favor of defendant on negligent training/supervision count where a specifically-identified employee left her post in the fitting room and, in the employee's absence, a man took photos of plaintiff undressed, because there was no evidence defendant knew or should have known about the propensity for the employee to leave the fitting room unattended); *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 109 (Pa. Super. Ct. 1998) (affirming entry of judgment in favor of plaintiff on negligent supervision claim pursuant to § 213 where a specifically-identified employee operated an investment scam for months in defendant's office, "in plain view of anyone interested enough to engage in a modicum of managerial supervision[.]"); *Dempsey,* 246 A.2d at 423 (affirming judgment in favor of defendant employer on negligent hiring/supervision claim brought by an employee who was assaulted by another employee at work because defendant did not have knowledge or reason for knowledge of the offending employee's propensity for violence).

Plaintiff goes on to argue, "Defendant's penultimate assertion—that Plaintiff's Count II 'contains nothing regarding specific employees or specific instances of harmful conduct'—seems to forget that Plaintiff is not required to name individually responsible employees in her

7

Complaint." (*Id*. at 8.) Plaintiff cites to *AFSCME v. Bradley*, 795 F.2d 310, 314 (3d Cir. 1986) in support of this proposition, summarizing the case as "holding that a Plaintiff need not name the specific negligent employees provided that Plaintiff's claim 'meets the threshold level of factual specificity' detailing why Plaintiff has filed suit[.]" (Pl.'s Opp'n Mem. at 8.) Plaintiff seems to forget that was a civil rights case, not a negligence action, and it was decided prior to *Twombly* and *Iqbal*. Moreover, the holding of that case was not nearly so broad as Plaintiff describes, rather, "[w]here, as here, the complaint specifically alleges a violation of clearly identified liberty and property interests through specific actions, a suit against the officials involved should not be dismissed merely because it fails to allege which particular defendants were *personally* responsible for the implementation[.]" *AFSCME*, 795 F.2d at 314. Moreover, in *AFSCME*, the individuals responsible for the alleged deprivation of rights were not only identified in the complaint, but also were named as defendants in the case. Here, Target is the only defendant in the case and the Complaint does not include any factual allegations about any employees, or any factual allegations related to Target's hiring or supervisory practices or why those practices were deficient. This case is not analogous to *AFSCME*, and the Court will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 678-9. Plaintiff's Complaint fails to state a claim for negligent hiring, selection, retention, or supervision. As such, Defendant's motion to dismiss count II of the Complaint will be granted.

    B. *Vicarious Liability*

Next, the Court must determine whether Count III states a claim upon which relief can be granted for vicarious liability (*respondeat superior*). The Court finds that it does not.

"An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course and within the scope of employment." *Brezenski*, 755 A.2d at 39.

Vicarious liability is a theory of liability that holds an employer financially responsible for harm to a third party caused by its employee while the employee was engaged in furthering the employer's business. "Courts [have explained] that respondeat superior merely connotes a doctrine of imputation once an underlying theory of liability has been established. It is not a separate cause of action." *Sherman v. John Brown Ins. Agency, Inc*., 38 F. Supp. 658, 670 (W.D. Pa. 2014) (citation omitted). Plaintiff alleges, "Defendant, Target, is vicariously liable for the acts of its agent, who it controlled and for allowing them to oversee a dangerous and/or hazardous condition in the premises in a negligent and/or careless manner[.]" (Compl. ¶ 37.) However, as discussed above, Plaintiff has not identified any agent of Target or any specific tortious action by an agent that should be imputed to Target. Thus, Plaintiff has not alleged any facts that would support an independent count of vicarious liability. Defendant's motion to dismiss Count III of the Complaint will be granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss is granted. Counts II and III of Plaintiff's Complaint are dismissed. An Order consistent with this Memorandum will be docketed separately.